IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MATTHEW DEL PESCE,

                Plaintiff,        Civil Action No.
                                          9:16-CV-0818 (DEP)

   v.

C.O. R. INGRAHAM, Correction
Officer, Mid-State Correctional Facility,
*et al.*,

                Defendants.

_____

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

OFFICE OF ALAN D. LEVINE          ALAN D. LEVINE, ESQ.
80-02 Kew Gardens Road
Suite 307
Kew Gardens, NY 11415

FOR DEFENDANTS:

HON. LETITIA JAMES                  TIMOTHY P. MULVEY,
New York State Attorney General     ESQ.
The Capitol                                     Assistant Attorney General
Albany, NY 12224


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

DECISION AND ORDER

This is an action brought by plaintiff Matthew Del Pesce, a New York State prison inmate, pursuant to 42 U.S.C. § 1983, alleging that three corrections officers stationed at Midstate Correctional Facility ("Midstate"), located in Marcy, New York, violated his Eighth Amendment right to free from cruel and unusual punishment, when they subjected him to excessive force on May 31, 2015. The case proceeded to four-day jury trial commencing on April 29, 2019.[1] On May 2, 2019, the jury returned a verdict determining that plaintiff had failed to prove his claim by a preponderance of the evidence.

Presently before the court is plaintiff's motion for a new trial brought pursuant to Rule 59 of the Federal Rules of Civil Procedure. In his motion, plaintiff argues that the court erred when it allowed the jury to hear testimony regarding his 2013 conviction involving fraudulent behavior. For the reasons discussed below, plaintiff's motion is denied.

I. BACKGROUND

Plaintiff is a New York State prison inmate currently being held in the custody of the DOCCS. *See generally* Dkt. No. 1. While he is now

---

[1] This matter is before me on consent of the parties, pursuant to 28 U.S.C. § 636(c). See Dkt. Nos. 29, 30.

incarcerated elsewhere, at the times relevant to the claims in this action, plaintiff was confined at Midstate. *See id.*

This action was commenced on or about July 6, 2016. Dkt. No. 1. Following the close of discovery, a trial was scheduled to commence before the court on April 29, 2019. Dkt. No. 41. On April 5, 2019, in anticipation of trial, plaintiff moved *in limine* to limit testimony regarding certain of his prior criminal convictions. Dkt. No. 57. In that motion, *inter alia*, though without providing the court with the precise details of the underlying conviction, plaintiff sought to limit the admission of plaintiff's 2013 conviction to " 'the name of the offense, the date of the conviction[,] and the sentence[.]' " *Id.* at 1-2 (quoting *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009)). Plaintiff sought to limit the admission even further, requesting that that the jury be permitted to hear only that he had been convicted of attempted criminal possession of a controlled substance in violation of N.Y. Penal Law § 220.16, which was the top count from that conviction. Dkt. No. 57 at 1-2. Although plaintiff has been convicted of other felonies, the 2013 conviction is the focus of the instant motion.

In papers filed on April 10, 2019, defendants opposed plaintiff's motion and argued that evidence of the 2013 conviction should be

admitted pursuant to Rule 609(a)(2) of the Federal Rules of Evidence because it involved dishonesty and false statements. Dkt. No. 59 at 2. Specifically, defendants noted that between April 13, 2012 and May 8, 2012, plaintiff engaged in a scheme whereby he impersonated a physician in order to obtain controlled substances. *Id*. As a result, plaintiff was convicted, upon his plea of guilty, of one count of criminal possession of a controlled substance in the third degree, N.Y. Penal Law § 220.16, twenty-nine counts of criminal impersonation in the first degree, N.Y. Penal Law § 190.26, thirty-one counts of falsifying business records in the first degree, N.Y. Penal Law § 175.10, and thirty counts criminal possession of forged instrument in the second degree, N.Y. Penal Law § 175.25. *Id.* at 1-2 (citing Dkt. No. 59-1).

Although decision was reserved on this issue at the pre-trial conference held on April 18, 2019, *see* Text Minute Entry 4/18/2019, immediately prior to the commencement of trial on April 29, 2019, the court denied plaintiff's motion *in limine* in this respect, concluding that plaintiff's convictions involved dishonest acts within the meaning of Rule 609(a)(2) of the Federal Rules of Evidence. After making an analysis under Rules 403 and 609 of the Federal Rules of Evidence, I ruled that evidence of the nature of the criminal impersonation and falsification of

business records could be elicited, but held that the jury could not be made aware of the number of counts. Plaintiff's objection to the court's ruling was noted at that time. However, "hoping to reduce [the impact of the conviction] upon the jury, plaintiff's counsel elicited testimony from plaintiff on [direct examination regarding] the underlying crimes resulting in his conviction." Dkt. No. 72-2 at 2.

On May 24, 2019, following the jury's return of a verdict in defendants' favor, plaintiff moved for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. Dkt. No. 72. Defendants have opposed plaintiff's motion, and plaintiff has responded in further support. Dkt. Nos. 73-74. The matter, which is fully briefed, is now ripe for determination.

II.   DISCUSSION

In support of his motion, plaintiff argues that the court erred when it allowed testimony regarding his 2013 criminal conviction, effectively depriving him of a fair trial. *See generally* Dkt. Nos. 72, 74. In particular, he asserts that once the jury was permitted to hear the details regarding the conviction, "he was no longer contending on a level playing field" because the jury was corrupted by the its knowledge of plaintiff's previous conduct. Dkt. No. 72-1 at 3-4. Defendants oppose plaintiff's motion for a new trial and argue that plaintiff's crimes were properly admitted pursuant to Rule

609(a)(2) of the Federal Rules of Evidence. Dkt. No. 73.

A. Standard of Review

Plaintiff seeks a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A), which provides that "[a] new trial may be granted . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1)(A). " 'The standard for granting a new trial under Rule 59 is less stringent [than under Rule 50], but still relatively high.' " *Stern v. Shammas*, No. 12-CV-5210, 2015 WL 6440647, at *2 (E.D.N.Y. Oct. 21, 2015), *aff'd sub nom. Stern v. City of New York*, 665 F. App'x 27 (2d Cir. 2016) (quoting *Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*, 131 F. Supp. 3d 185, 188 (S.D.N.Y. 2015)). " 'Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite of the apple.' " *Carlson v. Parry*, No. 06-CV-6621P, 2013 WL 5354517, *5 (W.D.N.Y. Sept. 24, 2013) (quoting *Kogut v. Cty. of Nassau*, 2013 WL 3820826, *2 (E.D.N.Y. July 22, 2013)).

Generally, the grounds for a new trial are that "(1) the verdict is against the clear weight of the evidence; (2) the trial court was not fair; (3) substantial errors occurred in the admission or rejection of evidence or the

giving or refusal of instructions to the jury; or (4) damages are excessive." *Dedjoe v. Esper*, No. 15-CV-1170, 2019 WL 697821, at *1 (N.D.N.Y. Feb. 19, 2019) (McAvoy, J.) (quoting *Lawson v. Cty. of Suffolk*, 920 F. Supp. 2d 332, 339 (E.D.N.Y. 2013)). "A district court should grant a new trial motion if it 'is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice.' " *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998) (quoting *Smith v. Lighting Bolt Productions, Inc.*, 835 F.2d 966, 970 (2d Cir. 1987)); see *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417-18 (2d Cir. 2012).

Such a motion may be granted "even if there is substantial evidence to support the jury's verdict." *Landau*, 155 F.3d at 104. Though a trial judge "is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner,' *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998), a jury's verdict should "rarely be disturbed." *Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 635 (2d Cir. 2002) (per curiam); *see also Carroll v. Cty. of Monroe*, 712 F.3d 649, 653 (2d Cir. 2013); *Raedle*, 670 F.3d at 417-18.

B. <u>Analysis of Rule 609 of the Federal Rules of Evidence</u>

Rule 609, as amended in 1990, governs the admissibility of criminal convictions for impeachment purposes in civil actions. The rule authorizes

7

the admissibility of such evidence under two circumstances. First, Rule 609(a)(1) permits the impeachment of a witness with convictions punishable by imprisonment in excess of one year, subject to the balancing test of Rule 403. Fed. R. Evid. 609(a)(1).

Second, under Rule 609(a)(2), evidence that a witness has been convicted of a crime involving "a dishonest act or false statement" must be admitted "regardless of the severity of the punishment or any resulting prejudice." *Daniels v. Loizzo*, 986 F. Supp. 245, 248 (S.D.N.Y. 1997); *see* Fed. R. Evid. 609(a)(2). Rule 609(a)(2) has been described as "inflexible," *Daniels*, 986 F. Supp. at 248, and evidence of the dishonest act or false statement " 'must be admitted, with the trial court having no discretion.' " *Gonzalez v. Morris*, No. 14-CV-1438, 2018 WL 4471625, at *1 (N.D.N.Y. Sept. 18, 2018) (Sannes, J.) (quoting *United States v. Bumagin*, 136 F. Supp. 3d 361, 375 (E.D.N.Y. 2015)); *see United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977). Crimes within the scope of Rule 609(a)(2) are those that are indicative of truthfulness, such as "perjury, false statement, fraud, or offenses in the nature of *crimen falsi* which involve deceit, untruthfulness, or falsification." *Somerville v. Saunders*, No. 11-CV-556, 2014 WL 272415, at *7 (N.D.N.Y. Jan. 24, 2014) (D'Agostino, J.) (emphasis added) (quoting *Eng v. Scully*, 146 F.R.D. 74, 78 (S.D.N.Y.

Feb. 1, 1993)).

"The presumption under Rule 609(a)(2) . . . is that the 'essential facts' of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the 'evidence' that is to be admitted for impeachment purposes." *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005); *see also* 4 Jack B. Weinstein *et al.*, Weinstein's Federal Evidence § 609.20(2) ("It is usually considered prejudicial to elicit the specific details of a crime that does not bear directly on the truth-telling trait."). Critically, "[i]t is usually considered prejudicial to elicit the specific details of a crime that does not bear directly on the truth-telling trait." Jack B. Weinstein *et al.*, Weinstein's Federal Evidence § 609.20(2).

In this case, there is no serious dispute that the court was without discretion regarding the admission of plaintiff's 2013 conviction because it involved dishonest acts or false statements, which were automatically admissible pursuant to Rule 609(a)(2). *See Bumagin,* 136 F. Supp. 3d at 375. Plaintiff contends, however, that because the jury was permitted to hear limited details regarding those crimes, he is now entitled to a new trial. *See generally* Dkt. Nos. 72, 74. On this point, the court cannot agree.

Although the court permitted the jury to hear limited underlying

details, the court was nonetheless mindful of the prejudicial effect that this knowledge could have and limited the jury to hearing only those details that bore directly on plaintiff's truth-telling trait. Significantly, the jury was not permitted to hear the specific number of counts because such information had limited bearing on plaintiff's truthfulness. The specific details of plaintiff's crimes, as limited by the court, were directly probative of plaintiff's credibility.

The cases cited by plaintiff do not compel a different result. *See generally* Dkt. No. 72. Although the Seventh Circuit has observed that it is an error to elicit testimony beyond the "crime charged, the date, and the disposition," that conclusion arose following a Rule 403 balancing expressly provided for by Rule 609(a)(1), rather than under Rule 609(a)(2). *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992); *see also Wilson v. City of Chicago*, 36 F.3d 1233 (7th Cir. 1993) (concluding that the jury was not entitled to learn the "ugly details" of plaintiff's murder conviction pursuant to Rule 609(a)(1)); *Daniels*, 986 F. Supp at 250-51 (concluding that plaintiff's drug conspiracy conviction was " not automatically admissible under Rule 609(a)(2)" and proceeding with the Rule 403 balancing test). Those cases cited by plaintiff are inapposite since the specifics of plaintiff's crimes of dishonest and false statements

were properly admitted under Rule 609(a)(2).

Even if the court's ruling was erroneous, however, given all of the evidence in the case, the jury did not " 'reach[] a seriously erroneous result' " and the 'verdict [was not] a miscarriage of justice.' " *Luciano v. Olsten Corp.*, 110 F.3d 210, 217 (2d Cir. 1997) (quoting *Hygh v. Jacobs*, 961 F.2d 359, 365 (2d Cir. 1992)). Accordingly, plaintiff's motion for a new trial is denied.

IV. SUMMARY

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, it is hereby

ORDERED that plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure (Dkt. No. 72) is DENIED; and it is further hereby

ORDERED that the clerk of the court serve a copy of this decision and order upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated: June 13, 2019
Syracuse, NY